# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ASSOCIATED BANK,
NATIONAL ASSOCIATION,

        Plaintiff,

    v.                                               Case No. 09-CV-511

D. TIMOTHY BYRNE, MARK R. MOLEPSKE,
and JOHN F. WALSH,

        Defendants.

_____

## ORDER

Defendant Mark Molepske ("Molepske") files this motion asking the court to dismiss the complaint against him, or, alternatively, to transfer venue to the United States District Court of Arizona. The underlying action is for recovery of a sum certain loaned by plaintiff Associated Bank, National Association ("Associated Bank") to the defendants, including Molepske, pursuant to a Deed of Trust Note. For the reasons set forth below, the court is obliged to deny Molepske's requests to dismiss or transfer the case.

## BACKGROUND

Molepske and the other two named defendants, John Walsh and D. Timothy Byrne, executed personal guaranties for a $1,800,000 loan made to El Rio Waterfront Resort, LLC ("El Rio"). The defendants are members of El Rio and the company sought the loan in 2006 for purposes of its RV resort, located on the Colorado River in Mohave County, Arizona. The Mohave County property served

as collateral for the loan under a Deed of Trust. El Rio executed the Deed of Trust Note in August 2006, and Molepske, Walsh and Byrne each executed a Continuing Guaranty to induce Associated Bank to extend $1,800,000 in credit to El Rio. The Deed of Trust Note was renewed in 2008. However, the Note matured one year later and El Rio allegedly defaulted on the loan. Associated Bank subsequently filed the instant suit seeking a money judgment against Molepske, Walsh, and Byrne.

Molepske obtained individual representation and filed an answer and counterclaim against Associated Bank. In his responsive pleading, Molepske asserts that the proceeding is premature because Associated Bank did not first proceed against the Mohave County property in a judicial foreclosure. Molepske also asserts a counterclaim seeking a declaratory judgment finding that the Guaranty signed by Molepske is an adhesion contract, and that the forum selection clause contained within it is unenforceable. Molepske then filed the instant motion asking the court to dismiss the case because the Eastern District of Wisconsin is an "improper jurisdiction," or, alternatively, to transfer venue to the United States District Court of Arizona.

## ANALYSIS

Molepske acknowledges that the contract he signed included a forum selection clause consenting to jurisdiction in the Eastern District of Wisconsin. However, he asserts that this clause is unenforceable because the contract was an adhesion contract. A forum selection clause is presumptively enforceable unless enforcement would be unreasonable or unjust. *Paper Exp., Ltd. v. Pfankuch*

*Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Indeed, "absent a showing that trial in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1291 (7th Cir. 1989) (quoting *Bremen*, 407 U.S. at 18).

Molepske fails to establish that enforcing the forum selection clause contained in his contract would be unreasonable or unjust. To suggest that enforcement is unfair, Molepske argues that the contract he entered into was one of adhesion[1] because he was unable to change any of the forum selection language. However, forum selection clauses contained within adhesion contracts are not per se unenforceable. The United States Supreme Court made this statement clearly in *Carnival Cruise Lines, Inc. v. Shute*. 499 U.S. 585 (1991). In that case, the court held that a forum selection clause appearing within a form contract provision printed on a cruise ticket purchase contract was enforceable. *Id.* at 587-88. The *Carnival Cruise Lines* case involved a "truly nonnegotiated contract," and yet, the court found the forum selection clause to be enforceable. *Muzumdar v. Wellness International Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). Thus, simply establishing that the

---

[1]The parties agree that the Deed of Trust is to be governed by, and interpreted under, Wisconsin law. Under Wisconsin law, an adhesion contract is one formed in circumstances where a party has no choice but to accept the contract offered, often occurring when the buyer has little opportunity for comparative shopping or the organization offering the contract has little or no competition. *Deminsky v. Arlington Plastic's Machinery*, 2003 WI 15, ¶ 31, 259 Wis. 2d 587, ¶ 31 ; 657 N.W.2d 411, ¶ 31 (2003).

-3-

forum selection clause appears within a "take it or leave it"[2] contract is not determinative. Instead, Molepske must show that holding a trial in the Eastern District of Wisconsin, the contractual forum, effectively deprives him of his day in court. *See Heller*, 883 F.2d at 1291. He has made no attempt to do so. Therefore, the court finds that the forum selection clause is enforceable.

A finding that the forum selection clause is enforceable does not resolve Molepske's entire motion, however. In addition to his request for dismissal based on improper jurisdiction, Molepske also requested transfer of the case to Arizona. He argues that transfer is appropriate because Arizona is more intimately connected with the case; the collateral real property is located there, El Rio is a citizen of Arizona, and the Trustee named in the Deed of Trust is an Arizona corporation.

A court may transfer venue of a case, pursuant to 28 U.S.C. § 1404(a), despite the existence of a forum selection clause. *Heller*, 883 F.2d at 1293. Under the statute, a court may transfer a civil action to any other district where it could be brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Thus, this court may transfer the case to Arizona if it finds that transfer is required for the convenience of the parties and witnesses or the "interests of justice," despite previously concluding that the forum selection clause is enforceable.

---

[2] A contract of adhesion can also be understood as a "take it or leave it contract." *See IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006) (describing a "contract of adhesion," such as the one entered into by the plaintiff cruise-goers in *Carnival Cruise Lines*, as a nonnegotiated, take-it-or-leave-it, consumer contract).

Case 2:09-cv-00511-JPS   Filed 04/12/10   Page 4 of 7   Document 35

Molepske bears the burden of showing that transfer of the case to the United States District Court of Arizona is appropriate. *See Heller*, 883 F.2d at 1293 (noting that the defendant seeking transfer "has the burden of showing that the transferee forum is clearly more convenient"). However, Molepske fails to establish that transfer to Arizona is more convenient for the parties and witnesses, or that transfer is in the interests of justice. The court cannot conclude that litigating in Arizona rather than Wisconsin is easier for the parties, given that the plaintiff is a citizen of Wisconsin, defendants Molepske and Walsh are citizens of Florida,[3] and defendant Byrne is a citizen of California. Transferring the case from a state where one party is a citizen to a state where no party is a citizen does not enhance convenience or conserve resources.

Molepske also fails to establish that transfer to Arizona is necessary based on the convenience of the witnesses. The action is for recovery of the amount of a defaulted loan. Thus, it is not readily apparent that a significant number of Arizona witnesses are required, and Molepske does not identify Arizona witnesses that will be central to the case. Instead, Molepske argues imprecisely that litigation will require "witnesses from Arizona, particularly on the subject of Fair Market Value" of the property offered as collateral for the Deed of Trust. However, the market value of the land is irrelevant, as the guaranty Molepske signed is for payment and not for

---

[3]The court notes that the complaint alleges that Molepske is a citizen of Illinois. In his answer, Molepske asserts that he is a citizen of Florida. (*See* Compl., at ¶ 2; Molepske Answer, at ¶ 2). The distinction is unimportant for purposes of the court's analysis because neither party asserts that Molepske is a citizen of Arizona.

-5-

collection.[4] A guaranty of payment allows the creditor to demand payment immediately after a default, rather than having to first exhaust all rights against the collateral through foreclosure. *Bank of Sun Prairie v. Opstein*, 86 Wis.2d 669, 677, 273 N.W.2d 279, 282 (1979); *Bank Mutual v. S.J. Boyer Construction, Inc.*, 2008 WI App 912, ¶ 13, 316 Wis. 2d 266, 762 N.W.2d 826 (stating that "a guaranty of payment may be enforced against a guarantor without proceeding first against the original debtors or the collateral because the guarantors are liable as principals"). Consequently, the court is not convinced that the convenience of witnesses located in Arizona requires transfer to that district.

---

[4]The Guaranty signed by Molepske states that he guarantees payment of the Obligations on behalf of El Rio and further reads:

> **WAIVER.** To the extent not prohibited by applicable law, including, without limitation, the Wisconsin Consumer Act, if applicable, Guarantor expressly waives (a) notice of the acceptance of this Guaranty, the creation of any present or future Obligation, default under any Obligation, proceedings to collect from any Debtor or anyone else, (b) all diligence of collection and presentment, demand, notice and protest, (c) any right to disclosures from Lender regarding the financial condition of any Debtor or guarantor of the Obligations or the enforceability of the Obligations, and (d) all other legal and equitable surety defenses.
> ***
> **CONSENT**. To the extent not prohibited by applicable law, including, without limitation, the Wisconsin Consumer Act, with respect to any of the Obligations, Lender may from time to time before or alter revocation fo this Guaranty without notice to Guarantor and without affecting the liability of Guarantor (a) surrender, release, impair, sell or otherwise dispose of any security or collateral for the Obligations, (b) release or agree not to sue any guarantor or surety, (c) fail to perfect its security interest in or realize upon any security or collateral, (d) fail to realize upon any of the Obligations or to proceed against any Debtor or any guarantor or surety, (e) renew or extend the time of payment, (f) increase or decrease the rate of interest or the amount of the Obligations, (g) accept additional security or collateral, (h) determine the allocation and application of payments and credits and accept partial payments, (I) apply the proceeds of disposition of any collateral for the Obligations to any obligation of Debtor secured by such collateral in such order and amounts as it elects, (j) determine what, if anything, may at any time be done with reference to any security or collateral, and (k) settle or compromise the amount due or owing or claimed to b due or owing from any Debtor, guarantor or surety, which settlement or compromise shall not affect Guarantor's liability for the full amount of the unpaid Obligations. Guarantor expressly consents to and waives notice of all of the above.

(Docket #1, Ex. C).

Finally, Molepske makes no argument that the "interests of justice" require transfer of the case. The "interests of justice" incorporate concerns such as ensuring speedy trials, trying related litigation together, and having a judge familiar with the law try the case. *Heller*, 883 F.2d at 1293. These concerns do not apply in the instant case because Molepske provides no evidence regarding the relative "speed" of the districts, because there is no related, ongoing litigation, and because the court must apply Wisconsin law to the Deed of Trust. Therefore, the considerations of § 1404(a) do not compel a transfer of the case to the United States District Court for the District of Arizona.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss, or alternatively, for change of venue (Docket #9) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge