UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASSOCIATED BANK NATIONAL ASSOCIATION,

    Plaintiff and Counter-Defendant,

v.                                                               Case No. 09-CV-511

D. TIMOTHY BYRNE, MARK R. MOLEPSKE,
and JOHN F. WALSH,

    Defendants and Counter-Claimants.

## ORDER

On December 2, 2010, plaintiff Associated Bank National Association ("Associated Bank") filed a Motion for Summary Judgment (Docket #49). Defendants D. Timothy Byrne ("Byrne"), Mark R. Molepske ("Molepske"), and John F. Walsh ("Walsh") are currently proceeding pro se and have not filed any materials in opposition. In response to the court's March 22, 2011 Order that Associated Bank show it had properly served the motion on defendants, it filed a Response and Affidavit (Docket #'s 54, 55) asserting that the motion and related materials were in fact mailed to the defendants' last known addresses. Thus, the court will proceed to dispose of the motion.

## BACKGROUND

At the outset, the court notes that failure to address a party's assertion of fact permits a court to consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). Because the defendants have not submitted any materials, the

following facts are undisputed. This case arises from guaranties executed by the defendants in favor of Associated Bank on a note made by El Rio Waterfront Resort, LLC ("El Rio") evidencing a loan for $1,800,000. The note matured on January 15, 2009, and El Rio has not repaid the loan according to the terms of the note. Based upon the terms, the total amount due as of December 17, 2010, was $1,987,938.87 with interest accruing at $186.4375 daily. In relevant part, the guaranty signed by each defendant states:

> [T]he undersigned ("Guarantor," whether one or more) jointly and severally guarantees payment of the Obligations defined below when due . . . .
>
> WAIVER. To the extent not prohibited by applicable law, including, without limitation, the Wisconsin Consumer Act, if applicable, Guarantor expressly waives (a) notice of the acceptance of this Guaranty, the creation of any present or future Obligation, default under any Obligation, proceedings to collect from any Debtor or anyone else, (b) all diligence of collection and presentment, demand, notice and protest, (c) any right to disclosures from Lender regarding the financial condition of any Debtor or guarantor of the Obligations or the enforceability of the Obligations, and (d) all other legal and equitable surety defenses. . . .
>
> CONSENT. . . . Lender may from time to time before or after revocation of this Guaranty without notice to Guarantor and without affecting the liability of Guarantor (a) surrender, release, impair, sell or otherwise dispose of any security or collateral for the Obligations, (b) release or agree not to sue any guarantor or surety, (c) fail to perfect its security interest in or realize upon any security or collateral, (d) fail to realize upon any of the Obligations or to proceed against any Debtor or any guarantor or surety, (e) renew or extend the time of payment, (f) increase or decrease the rate of interest or the amount of the Obligations, (g) accept additional security or collateral, (h) determine the allocation and application of payments and credits and accept partial payments, (I) apply the proceeds of disposition of any collateral for the Obligations to any obligation of Debtor secured by such

collateral in such order and amounts as it elects, (j) determine what, if anything, may at any time be done with reference to any security or collateral, and (k) settle or compromise the amount due or owing or claimed to be due or owing from any Debtor, guarantor or surety, which settlement or compromise shall not affect Guarantor's liability for the full amount of the unpaid Obligations. Guarantor expressly consents to and waives notice of all of the above.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## ANALYSIS

Associated Bank is entitled to judgment as a matter of law. As this court noted in a previous order, a guaranty of payment, as opposed to a guaranty of collection, allows a creditor to demand payment immediately after default without first exhausting all rights against the collateral. *Bank of Sun Prairie v. Opstein*, 273 N.W.2d 279, 282 (Wis. 1979); *Bank Mutual v. S.J. Boyer Constr., Inc.*, 2009 WI App 14, ¶ 13, 316 Wis. 2d 266, 762 N.W.2d 826, *rev'd on other grounds in* 2010 WI 74

("a guaranty of payment may be enforced against a guarantor without proceeding first against the original debtors or the collateral because the guarantors are liable as principals"). Here, the language of the guaranties demonstrates that they are guaranties of payment. They contain waivers of diligent collection by Associated Bank as well as consent to its failure to proceed against collateral, any debtor, or any guarantor. Thus, Associated Bank is entitled to demand payment immediately and directly from the defendants.

Nor do the defendants' counterclaims defeat summary judgment. Molepske's counterclaim seeks declaratory judgment that the guaranty is an adhesion contract and the forum selection clause cannot be enforced. Byrne and Walsh asserted a counterclaim alleging breach of the implied duty of good faith and fair dealing, the basis of which being that Associated Bank allegedly failed to otherwise attempt to collect against El Rio or the collateral. The court disposed of Molepske's argument in its April 12, 2010 Order (Docket #35) denying his motion to dismiss on the issue asserted in his counterclaim. Further, Byrne's and Walsh's counterclaim runs in direct contravention to the rule that a creditor, under a guaranty of payment, need not attempt to recover against collateral or other debtors before proceeding against the guarantor. The court further finds that, according to the undisputed facts, El Rio has defaulted on the loan, Associated Bank has demanded payment from the defendants, and the sum due is $1,987,938.87 as of December 17, 2010. Thus, in sum, Associated Bank is entitled to judgment as a matter of law on all claims

asserted in this action. Therefore, the court will enter judgment in favor of Associated Bank in the amount due, plus interest accrued since then.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment (Docket #49) be and the same is hereby **GRANTED**. The plaintiff is entitled to judgment in the sum of **$1,987,938.87 plus interest accrued as of the date of the judgment.**

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge